## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 23-10150-BPC
                                                           Chapter 13

RICHARD DEVAUGHAN,
       Debtor.

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION AND DISMISSING CASE

The above-referenced case came before the Court for plan confirmation. An evidentiary hearing was held on June 7, 2023. Bonita Dennard ("Creditor"), the only objecting creditor, appeared pro se. Attorney for the Chapter 13 Trustee appeared but did not advance an objection. For the reasons set forth below, the Court finds Debtor lacked good faith in filing his petition and plan as required under 11 U.S.C. §§ 1325(a)(3) and (7), confirmation is due to be denied, and the case is due to be dismissed.

## I.      JURISDICTION

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § 1334(b). These are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(L). This is a final order.

## II.      UNDISPUTED FACTS

Creditor obtained a state court judgment against Debtor on December 9, 2022. (Claim 11). The parties do not dispute it is a valid judgment debt. There was no evidence of any payments made on the judgment debt prior to the bankruptcy filing;

however, Counsel for Debtor stated in court that a garnishment was in process prepetition. No evidence was admitted as to where in the process this garnishment advanced, if at all, prior to the bankruptcy filing.

Debtor filed his Chapter 13 petition, including the schedules and Chapter 13 plan, on February 9, 2023. (Docs. 1, 2). This case was filed two months after the judgment and exactly four years after filing a Chapter 7 case (Case No. 19-10239) in which he received a discharge. ("Notice of Prior Filing"; February 10, 2023). None of the initial filings in this case listed or included Creditor. (Docs. 1, 2). On March 28, 2023, at 4:19 p.m. Debtor amended his Schedules E/F to add Creditor. (Doc. 12). The § 341 Meeting of Creditors was also held on March 28, 2023, at 11:00 a.m. (Doc. 6). Creditor had no prior notice of this meeting, and the meeting was not continued.

After receiving notice of the bankruptcy, Creditor filed a Proof of Claim on April 14, 2023. (Claim 11). Debtor filed an Amended Plan on May 9, 2023. (Doc. 20). Debtor is not proposing to pay any secured or priority debts through the plan. Instead, the sole secured debt (Debtor's vehicle) is being paid directly. The remaining claims, of which Creditor's is the largest, are all unsecured. Debtor's plan proposes to pay $4,500 through the plan for his attorney's fees and then pay unsecured creditors a POT of $4,500. *Id.* Debtor's initial plan proposed monthly payments in the amount of $173 for a period of 58 months. (Doc. 2). The Amended Plan proposes monthly payments in the amount of $257 for a period of 40 months. (Doc. 20).

Creditor alleges Debtor exhibited bad faith. (Doc. 19). More specifically, Creditor argues that Debtor delayed the prior state court proceedings and the subsequent

2

garnishment. Creditor also alleges Debtor lives a lavish lifestyle and failed to accurately disclose income and expenses. Creditor's primary contention is that Debtor initially failed to list Creditor and did not amend to include her until the day of the § 341 Meeting of Creditors to prevent her attendance due to lack of notice. *Id*.

In advance of the evidentiary hearing, Debtor and Creditor electronically submitted exhibits in accordance with the Procedures Order; however, neither party requested that any exhibits be admitted during the hearing. Moreover, while he was present at the hearing, Debtor did not testify during the hearing. Thus, the Court is left with what has been filed of record and the parties' statements and stipulations in court.

## III.  LEGAL ANALYSIS AND CONCLUSIONS OF LAW

A bankruptcy court "shall confirm a plan if" it is "proposed in good faith" and if "the action of the debtor in filing the petition was in good faith." *See* 11 U.S.C. §§ 1325(a)(3) and (7). Here, Creditor's objection to confirmation includes allegations related to bad faith in filing the petition and in filing the plan. As a preliminary distinction, finding bad faith is not necessary to determine that a debtor lacked good faith in filing the plan or petition. *In re Beasley*, No. 11-40642-JJR13, 2011 WL 4498942, at *2 (Bankr. N.D. Ala. Sept. 27, 2011) ("This Court agrees with those courts finding that a case not filed 'in good faith' is different from finding the case was filed 'in bad faith.'").

With or without an objection, as plan proponent, Debtor has the burden of proof to satisfy each element necessary for confirmation, which includes Debtor's good faith in filing the plan and petition. *In re Beasley*, 2011 WL 4498942, at *2 and *17; *In re White*, 618 B.R. 748, 751 (Bankr. E.D.N.C. 2020) ("It is the debtor who must prove good faith,

3

notwithstanding the objection or lack of objection of any party.").  A debtor must prove good faith by a preponderance of the evidence.  *Matter of Ogden*, 570 B.R. 432, 435 (Bankr. N.D. Ga. 2017), *amended*, No. 16-12280-WHD, 2017 WL 2124413 (Bankr. N.D. Ga. May 15, 2017).

Using the *Kitchens*[1] factors as a guide, a debtor's good faith in filing a petition and plan is determined by the bankruptcy court on a case-by-case basis, and a court must consider the totality of the circumstances in making its determination.  *In re Brown*, 742 F.3d 1309, 1317 (11th Cir. 2014); *In re Wade*, 598 B.R. 34, 44 (Bankr. N.D. Ga. 2019) ("*Kitchens* clearly encourages courts to engage in a totality of the circumstances analysis to determine a debtor's good faith.").  Looking at the *Kitchens* factors, and viewing the totality of the circumstances, Debtor's motivations and sincerity, bona fides, and degree of effort are at issue.  No single factor is dispositive, but the totality of the circumstances here reveals a lack of good faith.

---

[1] To determine good faith, the Eleventh Circuit adopted the following non-exclusive factors for bankruptcy courts to consider:

> (1) the amount of the debtor's income from all sources;
> (2) the living expenses of the debtor and his dependents;
> (3) the amount of attorney's fees;
> (4) the probable or expected duration of the debtor's Chapter 13 plan;
> (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
> (6) the debtor's degree of effort;
> (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
> (8) special circumstances such as inordinate medical expense;
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
> (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and
> (11) the burden which the plan's administration would place on the trustee.

*In re Kitchens*, 702 F.2d 885, 888–89 (11th Cir. 1983).

4

At the forefront, accurate disclosures are a foundational expectation of those seeking bankruptcy relief. *See* FED. R. BANKR. P. 1008 (requiring verification or unsworn declaration for "[a]ll petitions, lists, schedules, statements and amendments thereto"); *In re Shelton*, 370 B.R. 861, 868 (Bankr. N.D. Ga. 2007) ("The easiest way to violate § 1325(a)(3) is to misrepresent, lie, or otherwise mislead the court."); s*ee also In re Russell*, No. 12-80537-WRS, 2012 WL 5934648, at *9 (Bankr. M.D. Ala. Nov. 27, 2012) (dismissing with prejudice and barring discharge of all future debts due to, among other reasons, a number of errors and omissions on Schedules and Statements leading to "questionable accuracy" of filings). A fresh start is only afforded to the honest, but unfortunate debtor. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007). To obtain the benefits of bankruptcy and achieve a fresh start, debtors are tasked with an unavoidable duty and expectation of forthright disclosures. *See* 11 U.S.C. § 521; *In re White*, 618 B.R. 748, 754 (Bankr. E.D.N.C. 2020) ("[A] debtor must approach the bankruptcy process prepared to forthrightly abide by the Code's requirements, without purpose of evasion or in hopes of omitting required disclosures."). Section 521 lists Debtor's required disclosures, including creditors, assets, and liabilities. Failure to comply with § 521 can preclude confirmation. *In re Green*, 141 B.R. 440, 442 (Bankr. M.D. Fla. 1992); *In re Lindsey*, 122 B.R. 157, 160 (Bankr. M.D. Fla. 1991) ("[T]he court and the creditors are entitled to full and accurate disclosure of the debtors' financial status."). While Debtor's initial Schedules and Statement of Financial Affairs were filed timely, the record reveals the documents were not accurate at the outset.

Creditor's bad faith allegations focus on multiple alleged inaccuracies. The Court has no evidence that Debtor's Amended Schedules are inaccurate, but it is undisputed that there were inaccuracies and omissions in the initial filings. *In re Kinsale*, 617 B.R. 58, 68 (Bankr. D.S.C. 2020) ("While Debtor may believe these inconsistencies are not prejudicial to her creditors, the bankruptcy process is dependent upon full and complete disclosure of a debtor. The failure to provide consistent, full[,] and complete disclosure casts serious doubt about the accuracy of the petition, schedules[,] and statements that were sworn and submitted under penalty of perjury."). Specifically, Debtor did not list Creditor nor reference the prior state court proceeding in the initial filings.[2] Debtor's filings were inaccurate because Creditor obtained a judgment in the amount of $6,000 plus costs on December 9, 2022. (Claim 11). The order attached to Creditor's proof of claim states Debtor and Creditor appeared in that proceeding and a trial occurred. *Id.* At the evidentiary hearing, the Court asked whether any payments were made towards the judgment debt prior to filing, and Debtor's Counsel responded that a garnishment had been in process. The Court questions how the Debtor could have inadvertently failed to disclose the judgment because the garnishment at least served as a reminder of the judgment, if not a motivating factor in filing the petition. While filing a bankruptcy petition to avoid a judgment debt or stop a garnishment is not per se bad faith, the Court is most concerned with Debtor's failure to disclose these events or to offer an explanation for his failure to disclose.

---

[2] In addition to failing to disclose the judgment debt and list Creditor in the Schedules, Part 4 of the Statement of Financial Affairs asks: "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" (Doc. 1). Debtor checked "No." *Id.*

6

The two-month period between judgment and petition filing does not support that Debtor's omissions could have been innocent or unintentional, especially when a garnishment was initiated during that time. The parties are not mere business acquaintances. They had a relationship for many years prior to the state court proceedings and this bankruptcy case. Despite this history, Debtor inexplicably excluded Creditor from the initial bankruptcy filings only two months post-judgment. Because of the temporal proximity between judgment and petition filing, Debtor's omissions are concerning. Without testimony regarding Debtor's motivation or sincere efforts, it is unclear whether Debtor filed for a legitimate purpose or with intentions to mislead and delay Creditor's collection efforts. Here, there was not even an attempt by Debtor to explain whether the omissions were innocent or unintentional or that the timing of the amendments was not a strategic effort to prevent Creditor from attending the meeting of creditors. At a minimum, these actions and omissions exhibit Debtor lacked bona fides in his dealings with Creditor.

Further, based on the claims filed, the record supports that the amount of the judgment debt is not inconsequential as it is Debtor's second largest debt overall and the largest debt being paid through his plan. Also, notable here, Debtor previously filed a Chapter 7 almost exactly four years prior to this filing and received a discharge. ("Notice of Prior Filing"; February 10, 2023). While Debtor is by no means a serial filer, he has experience with the bankruptcy process and its disclosure requirements. Yet, Debtor failed to satisfy those requirements here. Debtor's failure to accurately disclose the

judgment debt in his initial filings reveals a disregard for the bankruptcy process that the Court cannot condone.

The only argument made at the hearing in support of good faith was that Debtor amended his Schedules. *See* (Docs. 12, 21). Yet, as noted above, Debtor did not explain the initial nondisclosure, inaccuracies, or what precipitated the amendments. Another concern is that because Debtor amended to list Creditor the same day as the meeting of creditors, Creditor was not timely noticed or able to participate in the meeting. (Doc.12). Moreover, amendments alone do not cure a failure to disclose. *In re Green*, 141 B.R. 440, 443 (Bankr. M.D. Fla. 1992) ("[T]he fact that the Debtor filed Amended Schedules which included several items omitted from her original Schedules is of no consequence inasmuch as an amendment to the Schedules does not cure the failure to originally schedule an asset."). Even viewing the totality of the circumstances, Debtor's partial amendments, without further explanation, do not rectify the initial nondisclosure.[3]

Debtor's Counsel focused on the lack of evidence in support of bad faith finding, but a bad faith finding is not required. As plan proponent, Debtor must show that "the plan has been proposed in good faith" and that "filing the petition was in good faith." 11 U.S.C. §§ 1325(a)(3) and (7). Debtor failed to meet that burden.

## IV.  CONCLUSION

Looking at the totality of the circumstances, the Court finds that Debtor did not meet his burden to establish good faith pursuant to §§ 1325(a)(3) and (7). Here, Debtor's

---

[3] Debtor amended Schedules E/F to add Creditor but did not amend the Statement of Financial Affairs to accurately disclose the court proceeding and/or garnishment initiated by Creditor. (Doc. 12).

lack of good faith in filing the petition is not something that can be remedied by an amended plan; thus, opportunity to amend would be futile and Debtor's case is due to be dismissed. While the Court recognizes this is a harsh outcome, the Court cannot ignore or condone Debtor's disregard for his obligations under the Code to be forthright in his disclosures and filings.

Based on the foregoing, it is hereby

ORDERED that Creditor's objection to confirmation is SUSTAINED. Accordingly, confirmation of Debtor's plan is denied, and his case is DISMISSED.

Done this 5th day of July, 2023.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor
   Michael Brock, Debtor's Counsel
   Bonita Dennard, Creditor
   Trustee
   All Creditors